42058. WILLIAMSON, Director v. LAVONDA'S HAIR STYLIST, INC.

FRANKUM, Judge. 1. Where, upon the trial of the issues made by an affidavit of illegality filed to the levy of an execution issued by the director of the Georgia Employment Security

Agency against a corporation to recover tax, penalty, interest, and costs due under the provisions of the Georgia Employment Security Law (*Code Ann. Ch.* 54-6), the sole issue made by the affidavit of illegality and the director's traverse thereto was whether the defendant in fi. fa. was an employer within the meaning of the aforesaid law, and where the evidence showed without dispute that the defendant in fi. fa., a corporation organized to lease and sublease space, stores, buildings and other structures to beauticians and barbers, and also to lease, sell, or buy all equipment and facilities for beauty and barber shops and to lease buildings for the purpose of subleasing space in such buildings to beauticians and barbers, and "to do all other type businesses usually connected with such rentals," employed two maids to clean the premises leased by the defendant in fi. fa., employed a third person as receptionist-bookkeeper-cashier, and that the two principal officers and stockholders of the corporation were also employees of the corporation, such evidence demanded a finding that the defendant in fi. fa. was an employer as defined in *Code Ann.* § 54-657 (g) (1) (B), which defines an employer as "any employing unit, which for some portion of a day, but not necessarily simultaneously, in each of 20 different weeks, whether or not such weeks are or were consecutive, within either the current or preceding calendar year, has or had in employment, four or more individuals," and such evidence demanded a verdict against the defendant in fi. fa. Accordingly, the 6th and 7th enumerations of error that the verdict and judgment are contrary to law and to the evidence are meritorious and require the reversal of the judgment and the grant of a new trial to the plaintiff in fi. fa.

2. The trial judge charged the jury that there was no issue as to the amount of the taxes due. No contention is made by way of cross appeal and cross enumeration of error that this charge incorrectly restricted the jury as to the issues which they were to try. As stated in the preceding headnote, the sole issue presented to the jury was whether the defendant in fi. fa. was an employer within the meaning of the law. The defendant's own evidence and witnesses showed without dispute that the defendant employed at least five persons. The burden was on the defendant to prove the contentions made by its affidavit of illegality, and its evidence failed to carry the burden resting upon it to show that the periods of

employment of the five persons did not satisfy the letter of the requirements of the law.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*

SUBMITTED JUNE 6, 1966—DECIDED SEPTEMBER 14, 1966.

*Otis L. Hathcock*, for appellant.

*P. Walter Jones*, for appellee.